## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

DIANA ALISON PIZZUTO,

    Plaintiff,

- against –

SHARKNINJA OPERATING, LLC,

    Defendant.

Docket No.: 7:24-cv-00314

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff, **DIANA ALISON PIZZUTO** (hereafter referred to as "Plaintiff"), by and through her attorneys, **JOHNSON BECKER, PLLC** and **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, LLC**, hereby submits the following Complaint and Demand for Jury Trial against Defendant, **SHARKNINJA OPERATING, LLC** (hereafter referred to as "Defendant" or "SharkNinja"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1.     Defendant SharkNinja designs, manufactures, markets, imports, distributes, and sells a wide range of consumer kitchen products, including the subject "Nutri Ninja Blender Duo with Auto-IQ Technology," which specifically includes the Model Number BL642W1 30 (referred to hereafter as "Ninja blender(s)") that is at issue in this case.

2.     The Ninja blenders are defectively designed and manufactured in that the extremely fast-moving blade of the blenders heat the contents of the pitcher, which can (and does) lead to the pitcher unexpectedly exploding when being used in its normal and intended manner, exposing users to the hot contents of the pitcher, as well as the blender's sharp blades.

1

3.     Defendant knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its Ninja blenders to consumers and failing to recall the dangerously defective Ninja blenders regardless of the risk of significant injuries to Plaintiff and consumers like her.

4.     Defendant ignored and/or concealed its knowledge of these defects in its Ninja blenders from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said Ninja blenders, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

5.     As a direct and proximate result of Defendant's conduct, Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF DIANA ALISON PIZZUTO

6.     Plaintiff Diana Alison Pizzuto is a resident and citizen of the City of Mahopac, County of Putnam, State of New York. Plaintiff is therefore, a citizen of the State of New York for purposes of diversity jurisdiction as prescribed by 28 U.S.C. § 1332.

7.     On or about January 25, 2021, Plaintiff suffered serious and substantial injuries as the direct and proximate result of the Ninja blender's pitcher exploding during its normal and directed use, exposing Plaintiff's hand to the sharp, high-speed spinning blades.  The incident occurred as the result of the Ninja blenders' defect(s), namely, the Ninja blender's propensity to heat up and pressurize while in use.

## DEFENDANT SHARKNINJA OPERATING, LLC

8.     Defendant SharkNinja designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject Ninja blender. Defendant SharkNinja is a Massachusetts Limited Liability Corporation incorporated in the State of Delaware and has a

principal place of business located at 89 A St. # 100, Needham, MA 02494.  Defendant SharkNinja has a registered service address Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

9.      SharkNinja Operating, LLC, is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is EP Midco LLC, a Massachusetts limited liability company created and organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is Global Appliance, LLC, a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is Global Appliance UK Holdco Ltd., a corporation organized under the laws of the United Kingdom with its principal place of business located in England.  SharkNinja is therefore a citizen of the United Kingdom and England for the purposes of diversity jurisdiction.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff is a resident and citizen of this district.

12.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of New York and intentionally avails itself of the markets within New York through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

13.     Defendant SharkNinja boasts that its Nutri Ninja Blender Duo with Auto-IQ Technology is a "professional, high-powered innovative tool with a sleek design and outstanding performance"

3

that "features intelligent programs that combine unique pulsing, blending and pausing patterns that do the work for you" and that take the "guesswork" out of blending.[1]

14.     Ninja blenders, including the Ninja blender that injured Plaintiff, essentially have three main components: a base unit which contains a high-speed motor and a gear shaft ("motor base"); a pitcher, which locks on to the motor base and comes with a locking lid; and a stacked blade assembly with six sharp blades which is dropped onto the gear shaft ("blade assembly").

15.     During the normal and directed use of the Ninja blender, a consumer first aligns and lowers the pitcher on the motor base, then rotates the pitcher clockwise until the pitcher locks into place. Next, the user takes the blade assembly and places it onto the gear shaft.  Once the user has added the desired ingredients, the lid is place on top of the pitcher and locked into place.

16.     Once the lid is secured to the pitcher and the pitcher is correctly on the unit's base, the user can run the blender by selecting from one of the available speeds or "AUTO-iQ" programs. According the SharkNinja, the blender can "sense" which pitcher or blender cup has been placed on the motor base, and its "function lights will illuminate depending on which jar is placed on the motor base."[2]  Once the blender has been started, the blades begin to rotate, creating friction as they cut and chop the pitcher's contents.  This in turn causes the contents to heat up.

17.     As the temperature rises inside the pitcher, the pressure from the frictional energy also rises. The temperature can get so hot that the pressure inside the pitcher causes the blender to explode while the blender is still running, exposing the user to the blender's sharp blades. This can lead to the user sustaining lacerations – just as the Plaintiff did here.

---

[1] *See*, Ninja BL640 Series Owner's Guide, p. 8.  A copy of the Owner's Guide is attached hereto as "Exhibit A."
[2] *Id*. at p. 13.

18.    Furthermore, this pressurized explosion can cause the hot contents of the pitcher to explosively project outward without warning, landing on anyone and anything nearby, and posing a risk of burn injuries.

19.    The Ninja blenders have been designed and manufactured such that consumers cannot safely use them in their intended manner without risk of physical injury.

20.    By reason of the forgoing acts or omissions, Plaintiff used the Subject Ninja Blender with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of blending.

21.    Plaintiff used the Ninja blender for its intended purpose of blending, chopping, and preparing meals and did so in a manner that was reasonable and foreseeable by the Defendant.

22.    However, the aforementioned Ninja blender was defectively and negligently designed and manufactured by the Defendant in that its pitcher could explode during the normal, directed use of the Ninja blender, exposing consumers to the sharp, fast-spinning blades within; placing the Plaintiff, her family, and similar consumers in danger while using the Ninja blenders.

23.    Defendant's Ninja blenders possess defects that make them unreasonably dangerous for their intended use by consumers because the blender's pitcher can explode due to built-up heat and pressure.

24.    Economic, safer alternative designs were available that could have prevented the blender's pitcher from building heat and pressure, and ultimately, exploding.

25.    As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous blender, which resulted in significant and painful bodily injuries.

26.     Consequently, Plaintiff seeks damages resulting from the use of Defendant's Ninja blender, as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, wage loss and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

27.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

28.     At the time of Plaintiff's injuries, Defendant's Ninja blenders were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

29.     Defendant's Ninja blenders were in the same or substantially similar condition as when they left the possession of Defendant.

30.     Plaintiff did not misuse or materially alter her Ninja blender.

31.     The Ninja blenders did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

32.     Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the Ninja blenders safe. Specifically:

   a.   The Ninja blenders designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b.   The seriousness of the potential laceration and burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c.   Defendant failed to properly market, design, manufacture, distribute, supply, and sell the Ninja blenders, despite having extensive knowledge that the aforementioned injuries could and did occur;

6

d. Defendant failed to warn and place adequate warnings and instructions on the Ninja blenders;

e. Defendant failed to adequately test the Ninja blenders; and

f. Defendant failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

33. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT II
## NEGLIGENCE

34. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

35. Defendant has a duty of reasonable care to design, manufacture, market, and sell non-defective Ninja blenders that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

36. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its Ninja blenders in that Defendant knew or should have known that said Ninja blenders created a high risk of unreasonable harm to the Plaintiff and consumers alike.

37. Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its Ninja blenders in that, among other things, it:

a. Failed to use due care in designing and manufacturing the Ninja blenders to avoid the aforementioned risks to individuals;

b. Placed an unsafe product into the stream of commerce;

7

    c.   Aggressively over-promoted and marketed its Ninja blenders through television, social media, and other advertising outlets; and

    d.   Were otherwise careless or negligent.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**COUNT III**
**<u>NEGLIGENT DESIGN DEFECT</u>**

38.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

39.    Defendant is the manufacturer, seller, distributor, marketer, and supplier of the Subject Ninja Blender, which was negligently designed.

40.    Defendant failed to exercise reasonable care in designing, developing, manufacturing, inspecting, testing, packaging, selling, distributing, labeling, marketing, and promoting its Ninja blenders, which were defective and presented an unreasonable risk of harm to consumers, such as the Plaintiff.

41.    As a result, the subject Ninja blenders, including Plaintiff's Ninaj blender, contain defects in their design which renders them unreasonably dangerous to consumers, such as the Plaintiff, when used as intended or as reasonably foreseeable to Defendant. The defect in the design allows the blender's pitcher to build up heat and pressure, resulting in the blender pitcher exploding, and causing an unreasonable increased risk of injury, including, but not limited to, lacerations and burns.

42.    Plaintiff in this case used her Ninja blender in a reasonably foreseeable manner and did so as substantially intended by Defendant.

8

43.     The Subject Ninja Blender was not materially altered or modified after being manufactured by Defendant and before being used by Plaintiff.

44.     The design defects allowing the pitcher to heat up and pressurize directly rendered the Ninja blenders defective and were the direct and proximate result of Defendant's negligence and failure to use reasonable care in designing, testing, manufacturing, and promoting the Ninja blenders.

45.     As a direct and proximate result of Defendant's negligent design of its Ninja blenders, the Plaintiff in this case suffered injuries and damages described herein.

        **WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT IV
## NEGLIGENT FAILURE TO WARN

46.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully herein.

47.     At the time in which the Subject Ninja Blender was purchased, up through the time Plaintiff was injured, Defendant knew or had reason to know that its Ninja blenders were dangerous and created an unreasonable risk of harm to consumers.

48.     Defendant had a duty to exercise reasonable care to warn consumers of the dangerous conditions or the facts that made its Ninja blenders likely to be dangerous.

49.     As a direct and proximate result of Defendant's negligent failure to warn of the dangers of its Ninja blenders, the Plaintiff in this case suffered injuries and damages described herein.

        **WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF FITNESS
## FOR A PARTICULAR PURPOSE

50.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

51.     Defendant manufactured, supplied, and sold its Ninja blenders with an implied warranty that they were fit for the particular purpose of blending quickly, efficiently and safely.

52.     Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

53.     Defendant's Ninja blenders were not fit for the particular purpose as a safe means of blending, due to the unreasonable risks of bodily injury associated with their use.

54.     The Plaintiff in this case reasonably relied on Defendant's representations that its Ninja blenders were a quick, effective and safe means of blending and preparing food.

55.     Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

        **WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT VI
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

56.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

57.     At the time Defendant marketed, distributed and sold its Ninja blenders to the Plaintiff in this case, Defendant warranted that its Ninja blenders were merchantable and fit for the ordinary purposes for which they were intended.

58.    Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

59.    Defendant's Ninja blenders were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

60.    Plaintiff's husband purchased the Ninja blender with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

61.    Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, to which she is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

    a.    judgment for Plaintiff and against Defendant;

    b.    damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's Ninja blender;

    c.    pre and post judgment interest at the lawful rate;

    d.    a trial by jury on all issues of the case;

e.  an award of attorneys' fees; and

f.  for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, LLC**

Date: January 16, 2024

*/s/ Randi Kassan*
Randi Kassan, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
516-741-5600
516-741-0128 (fax)
Rkassan@milberg.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.
*Pro Hac Vice to be filed*
Anna Rick, Esq.
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
612-436-1801 (fax)
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***

12